UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ATKINSON,

                              Plaintiff,

                 -against-

GRACE OKOCHA, *et al.*,

                              Defendants.

20-CV-2147 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently a civil detainee at the Central New York Psychiatric Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Plaintiff's claims relate to criminal and civil confinement proceedings that occurred in Suffolk County, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## BACKGROUND AND DISCUSSION

In 1996, Plaintiff was convicted of a sex offense in New York State Supreme Court, Suffolk County. In 2018, New York State moved to civilly detain Plaintiff, under Article 10 of the New York State Mental Health Law (also known as the Sex Offender Management and Treatment Act), beyond his maximum release date. A judge in St. Lawrence County, where Plaintiff was then in custody, authorized Plaintiff's temporary detention. Thereafter, a Suffolk County judge presided over a probable cause hearing under Article 10, and authorized Plaintiff's ongoing confinement.[1]

---

[1] It appears that Plaintiff served most of his criminal sentence at Gouverneur Correctional Facility, in St. Lawrence County. When Plaintiff filed this complaint, he was in custody at the Manhattan Psychiatric Center, but he has since been transferred to the Central New York Psychiatric Center.

In the original complaint against "the People of the State of New York," Plaintiff challenges the legality of his criminal conviction and civil commitment, and he also claims that he was denied adequate mental health treatment at the Manhattan Psychiatric Center (MPC). He seeks release from custody and money damages. (ECF 2.) The Court issued an order on April 3, 2020, holding as follows: (1) the proper vehicle for Plaintiff to seek release would be to file a *habeas corpus* petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York, after exhausting available state court remedies; (2) the complaint did not name any defendants who had been personally involved in violating his constitutional rights; and (3) the facts alleged did not state a viable § 1983 claim regarding Plaintiff's mental health treatment at MPC. The Court granted Plaintiff leave to amend his complaint. (ECF 5.)

Plaintiff filed an amended complaint on June 15, 2020, naming as defendants Albany officials of the New York State Department of Corrections and Community Supervision and the New York State Office of Mental Health, assistant attorneys general, two psychologists, a Mental Hygiene Legal Services attorney, a corrections officer Gouverneur Correctional Facility, and MPC staff. (ECF 9.) Plaintiff seeks release on the grounds that Defendants thwarted his efforts to pursue *habeas corpus* relief in the United States District Court for the Eastern District of New York,[2] and his more recent efforts to challenge the Suffolk County conviction. Plaintiff seeks damages because the probable cause hearing was untimely held under Article 10, and because of the allegedly inadequate mental health treatment he received at MPC.

---

[2] *See Atkinson v. Portuondo*, 269 F. Supp. 2d 57 (E.D.N.Y. 2003) (denying *habeas corpus* petition on the merits), *reconsideration denied*, No. 00-CV-3573, 2009 WL 2983006, at *1 (E.D.N.Y. Sept. 10, 2009) (detailing Plaintiff's efforts to reopen the *habeas corpus* proceedings).

After reviewing the amended complaint, the Court directed Plaintiff to show cause why this matter should not be transferred to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1391(b)(2), and 28 U.S.C. § 1404(a). (ECF 10.) The Court noted that the only claims arising in this District — those related to Plaintiff's mental health treatment at MPC — had been dismissed on the merits. In his response to the order to show cause, Plaintiff provides more facts about his claims arising out of the underlying conviction and the Article 10 proceedings in Suffolk County, but he fails to explain why venue is proper in this District, or why this matter should not be transferred in the interest of justice to the Eastern District of New York.

Accordingly, for the reasons set forth in this order, and in the order to show cause dated August 14, 2020, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case.

SO ORDERED.

Dated:    September 14, 2020
          New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

3