```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY ATKINSON,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
          -against-                     20-CV-4497(JS)(ST)

GRACE OKOCHA, MICHAEL CONNOLLY,
CHRISTOPHER LALINE, C.O. LAROCK,
JASON D. EFFMAN, BRIAN BELFI, PH.D.;
DONNA HALL, JIMMIE C. MCCURDY, JOHN A.
THOMASSEN, PH.D.; TESLA CARRASQUILLO,
ESQ.; ANN MARIE T. SULLIVAN, DEBBIE
WANCE, ANTHONY J. ANNUCCI, ANNE MARIE
MCGRATH, JONATHAN MILJUS, PH.D.;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Anthony Atkinson, pro se
                    96-A-4870
                    Central New York Psychiatric Center
                    Building 41, Unit 218
                    C# 63231
                    9005 Old River Road
                    Marcy, New York 13403-0300

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Before the Court is the Amended Complaint filed by pro se plaintiff Anthony Atkinson ("Plaintiff"). For the reasons that follow, the Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT.

BACKGROUND[1]

I. Procedural History

Plaintiff is no stranger to this Court.[2] By way of brief background, Plaintiff was convicted of first-degree rape on June 21, 1996 in the New York State Supreme Court, Suffolk County, and was sentenced to twenty-three years in prison with a maximum release date of September 28, 2018. (See Apr. 3, 2020 Order, ECF No. 5, at 2.) Plaintiff's Amended Complaint broadly alleges that his ongoing civil confinement is unconstitutional, that he is being denied adequate mental health treatment, and that his personal property has been lost. (See generally Am. Compl., ECF No. 9.)

On March 13, 2020, Plaintiff commenced this action in the Southern District of New York before Judge Louis L. Stanton. (Compl., ECF No. 2.) By Order dated March 13, 2020, Judge Stanton granted Plaintiff's application to proceed in forma pauperis. (IFP Order, ECF No. 3.) By Order dated April 3, 2020, the court

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order. Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998).

[2] See Atkinson v. Broesler, No. 93-CV-1346, ECF No. 14 (E.D.N.Y.) (voluntarily dismissing complaint with prejudice); Atkinson v. Geraci, No. 98-CV-1609, ECF No. 82 (E.D.N.Y.) (granting summary judgment to defendants and dismissing § 1983 complaint); Atkinson v. Portuondo, 269 F. Supp. 2d 57 (E.D.N.Y. 2003) (denying habeas corpus petition on the merits), reconsideration denied, No. 00-CV-3573, 2009 WL 2983006, at *1 (E.D.N.Y. Sept. 10, 2009) (detailing Plaintiff's efforts to reopen the habeas corpus proceedings and entering a litigation injunction).

dismissed the Complaint in its entirety with leave to amend. (See Apr. 3, 2020 Order.) On April 20, 2020, Plaintiff sought leave to file an Amended Complaint that contained the information he wished to add to his original Complaint, including deprivation of property claims. (Mot. to Amend, ECF No. 6.) Finding that it was "apparent from Plaintiff's submission that he had not received the Court's April 3, 2020 order when he submitted the April 20, 2020 motion," by Order dated May 7, 2020, Judge Stanton extended the deadline for Plaintiff to file an Amended Complaint through July 7, 2020. (May 7, 2020 Order, ECF No. 7.)

On June 15, 2020, Plaintiff timely filed an Amended Complaint against Defendants.[3] (Am. Compl.) Upon review of the Amended Complaint, Judge Stanton ordered Plaintiff to show cause why the Court should not transfer his claims arising outside of

---

[3] Specifically, Plaintiff named Grace Okocha, Acting Treatment Team Leader at Manhattan Psychiatric Center ("MPC"); Michael Connolly, Civil Commitment Bureau Chief of the Office of the Attorney General; Christopher Laline, Assistant Attorney General; Corrections Officer LaRock, Draft Officer at Gouverneur Correctional Facility; Brian Belfi, Ph.D., Executive Director of MPC at Wards' Island Complex; Donna Hall, Associate Commissioner, Forensic Services at the Office of Mental Health; Jimmie C. McCurdy, Assistant Attorney General; John A. Thomassen, Ph.D., psychologist; Tesla Carrasquillo, attorney at Creedmoor Psychiatric Center; Ann Marie T. Sullivan, Office of Mental Health Commissioner; Debbie Wance, Supervisor, MPC; Anthony J. Annucci, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); DOCCS Associate Commissioners Jason D. Effman and Anne Marie McGrath; and Jonathan Miljus, Ph.D., Psychiatric Examiner at the Office of Mental Health, Division of Forensic Services.

3

the Southern District of New York to the appropriate district court. (Order to Show Cause, ECF No. 10.) Judge Stanton also dismissed Plaintiff's claims seeking his release from custody without prejudice to any future § 2254 petition he may file in the appropriate district court and dismissed the § 1983 conditions of confinement and deprivation of property claims for failure to state a claim. (Id. at 6, 11-12.) However, Judge Stanton found that Plaintiff's § 1983 damages claim arising from the alleged failure to provide a timely probable cause hearing under Article 10 of the New York Mental Hygiene Law arguably gives rise to a due process claim. (Id. at 7.) However, he noted that the Amended Complaint did not include facts showing defendants' personal involvement in the claim. (Id. at 9.) Nonetheless, Judge Stanton ordered Plaintiff to show cause why his damages claim arising out of the alleged failure to provide Plaintiff with a timely probable cause hearing under Article 10 should not be transferred to the Eastern District of New York. (Id. at 12.)

In response, Plaintiff repeated his allegations and argued the merits of his claims rather than explain why venue is proper in the Southern District of New York. (See generally, ECF No. 12.) On September 14, 2020, the court transferred this case to the Eastern District of New York. (See Transfer Order, ECF No. 13-14.)

4

II. <u>The Amended Complaint</u>

As noted <u>supra</u>, the only remaining claims are those arising out of the alleged failure to provide Plaintiff with a timely probable cause hearing under Article 10 of the Mental Hygiene Law, also known as the Sex Offender Management and Treatment Act ("SOMTA").[4]  The Court liberally construes the Amended Complaint to assert that Plaintiff was denied due process in connection with his detention beyond his September 28, 2018 scheduled release date.  (<u>See</u> Am. Compl. at ECF p. 6.)

As alleged, on September 13, 2018, the State moved to

---

[4] Article 10 of the Mental Hygiene Law ("MHL") creates a statutory scheme prescribing the procedures to be followed with respect to convicted sex offenders requiring civil commitment or supervision following completion of their prison terms.  <u>See</u> <u>Mental Hygiene Legal Servs. v. Spitzer</u>, No. 07-CV-2935, 2007 WL 4115936, at *4 (S.D.N.Y. Nov. 16, 2007), <u>aff'd sub nom.</u> <u>Mental Hygiene Legal Servs. v. Paterson</u>, No. 07-CV-5548, 2009 WL 579445 (2d Cir. Mar. 4, 2009).  A detained individual is entitled to a probable cause hearing "no later than seventy-two hours from the date of [his] anticipated release date."  <u>See</u> NY Mental Hyg. Law § 10.06(h); <u>Roache v. Attorney General's Office</u>, No. 12-CV-1304, 2013 WL 5503151, at *5 (N.D.N.Y. Sept. 30, 2013) (detailing statutory scheme for protecting due process rights of civil detainees, including right to timely probable cause hearing).  "Though the probable cause hearing is initially scheduled to be held within 72 hours of the filing of a securing petition, the probable cause hearing may be delayed due to (i) delay caused or consented to by the individual, or (ii) a showing by the Attorney General, to the satisfaction of the court, of 'good cause why the hearing could not . . . commence.'"  <u>Spitzer</u>, 2007 WL 4115936, at *8 (quoting NY Mental Hyg. Law § 10.06(h)).  Further, MHL provides that in the event of the filing of a securing petition, "there shall be no probable cause hearing until such time as the case review team may find that the respondent is a sex offender requiring civil management." NY Mental Hyg. Law § 10.06(f).

5

further detain Plaintiff under Article 10. (Id. at ECF p. 8.) On September 14, 2018, the state court judge ordered that Plaintiff be detained past his maximum release date pending a probable cause hearing under Article 10. (Id.) On November 27, 2018, the New York State Mental Hygiene Legal Services of the Second Department allegedly appointed counsel. (Id. at ECF p. 9.) On January 4, 2019, Suffolk County Supreme Court Justice Richard Ambro ordered Plaintiff's civil confinement and Plaintiff was transferred to the Manhattan Psychiatric Center on January 31, 2019. (Id. at ECF pp. 10-11.) Following a bench commitment trial on October 10, 2019, Justice Ambro found in favor of the state psychiatrists and held that Plaintiff has a mental abnormality as defined by New York Mental Hygiene Law section 10.03(e). (Id. at ECF p. 21.) On or about March 8, 2020, Justice Ambro held a hearing, during which Plaintiff was represented by appointed counsel. (Id. at ECF pp. 21-23.) Judge Ambro considered Plaintiff's eligibility for Strict and Intensive Supervision and Treatment ("SIST") and again ordered Plaintiff's civil confinement. (Id. at ECF pp. 21-22.)

As a result of the foregoing, Plaintiff seeks to recover, inter alia, compensatory and punitive damages against each Defendant in the sum of fifteen million dollars. (Id. at ECF p. 24.)

DISCUSSION

I.  Legal Standards

Courts are obliged to liberally construe the pleadings of a pro se plaintiff. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Moreover, under 28 U.S.C. § 1915, the Court must dismiss an in forma pauperis action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b); Liner v. Goord,

7

196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915 and 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

II. Plaintiff's § 1983 Claim

Liberally construed, Plaintiff seeks damages arising out of a denial of due process. Specifically, Plaintiff alleges that he was not afforded a timely probable cause hearing as mandated by New York Mental Hygiene Law section 10.06(h), because the probable cause hearing was held on January 4, 2019, more than three months after Plaintiff's anticipated release date.[5]

"Civil commitment for any purpose requires due process protection." Best v. Schneider, No. 12-CV-6142, 2015 WL 5567062, at *11 (E.D.N.Y. Sept. 21, 2015) (quoting Project Release v. Provost, 722 F.2d 960, 971 (2d Cir. 1983) (citing Vitek v. Jones, 445 U.S. 480, 491–92 (1980) ("We have recognized that for the ordinary citizen, commitment to a mental hospital produces a massive curtailment of liberty . . . and in consequence requires

---

[5] Here, as stated, Plaintiff seeks damages arising out of the alleged failure to provide a timely probable cause hearing under Article 10. To the extent Plaintiff challenges "the fact or duration of his involuntary civil commitment," the request is DENIED because "[t]he Supreme Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protections[; however, p]etitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method[.]" Hunter v. Gipson, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008) (citations and internal quotation marks omitted).

due process protection.")(internal quotation marks and citations omitted))). "The Second Circuit has held the provisions of [New York's] Mental Hygiene Law to be facially constitutional." Grazette v. Rockefeller, No. 20-CV-0965, 2020 WL 1940366, at *4 (S.D.N.Y. Apr. 21, 2020) (citing Project Release v. Provost, 722 F.2d 960, 971 (2d Cir. 1983)). "In deciding a due process claim under § 1983, however, federal courts must independently assess whether the state's application of these procedures to the plaintiff's case violated a constitutional right." Id. (citing Charles W. v. Maul, 214 F.3d 350, 357 (2d Cir. 2000)). Further, to state a claim for relief under § 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.[6] See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). In Iqbal, the Supreme Court held that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at

---

[6] A plaintiff properly asserts personal involvement by alleging: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring. Hernandez v. Keane, 341 F.3d 137, 145 (2d Cir. 2003).

676. Thus, as the Second Circuit recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, --- F.3d ----, No. 19-CV-3712, 2020 WL 7687688, *7 (2d Cir. Dec. 28, 2020). Where a § 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Judge Stanton determined that the Amended Complaint "contains no facts showing how any defendant personally caused the delay in the probable cause hearing," he transferred, rather than dismiss, such claims. (See Order to Show Cause at 9.) The Court agrees with Judge Stanton and finds that wholly absent from the Amended Complaint are any factual allegations regarding the conduct or inaction of each Defendant that Plaintiff seeks to hold liable. Indeed, Plaintiff does not allege the personal involvement of any Defendant in the alleged delay of the probable cause hearing. Rather, Plaintiff describes the general roles the Defendants played in the civil commitment process. (See generally Am. Compl.) At this stage of the proceedings, the failure to allege any Defendants' personal involvement is fatal to Plaintiff's claims. See Spavone v. N.Y. State Dep't of Corr.

10

Serv., 719 F.3d 127, 135 (2d Cir. 2013) (holding that a plaintiff proceeding under § 1983 plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation); see also Roache, 2015 WL 1442963, at *10 (dismissing Article 10 claim for failure to name personally involved defendants who were not immune from suit). On this basis, the Amended Complaint is DISMISSED.

Moreover, many of the Defendants hold supervisory positions. However, Plaintiff cannot establish liability solely based on the supervisory positions these Defendants hold, as the Second Circuit has instructed that a constitutional "violation must be established against the supervisory official directly." Tangreti, WL 2020 7687688, at *6. Thus, to the extent Plaintiff seeks to impose liability solely based on the supervisory positions Defendants hold, those claims are similarly DISMISSED. Further, many of the named Defendants are either immune from suit or are otherwise not proper Defendants under § 1983. Roache, 2015 WL 1442963, at *14 (holding that government attorneys such as assistant attorneys general are immune from suit); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) (holding that appointed counsel are not state actors for purposes of § 1983).

Finally, although Plaintiff seeks a fifteen million dollars in damages award from each Defendant, Plaintiff has not alleged how the brief delay in holding the probable cause hearing

harmed Plaintiff, particularly given the fact that his continued detention was ordered. Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986) (holding a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered" to prevail on a § 1983 cause of action against an individual). Wholly absent from the Amended Complaint are any allegations concerning how Plaintiff's continued civil commitment as ordered on January 4, 2019 -- rather than within seventy-two hours from his maximum release date of September 28, 2018 -- harmed Plaintiff.

Accordingly, Plaintiff fails to allege a plausible claim for relief and the Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

III. Leave to Amend

The Court should ordinarily grant a pro se plaintiff the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). In an abundance of caution, and given his pro se status, Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT in accordance with the guidance set forth below.

Plaintiff's Second Amended Complaint must be labeled "Second Amended Complaint," bear the same docket number as this Order, 20-CV-04497, and be filed within thirty (30) days after his

receipt this Order. In the Second Amended Complaint, Plaintiff shall include facts concerning each named Defendant and shall allege how each Defendant violated Plaintiff's constitutional rights. (See supra n. 6.) Plaintiff shall also include facts in the Second Amended Complaint regarding any harm suffered as a result of the delayed probable cause hearing. Plaintiff is advised that the Second Amended Complaint completely replaces the prior filings. Therefore, Plaintiff must include all allegations he wishes to pursue against any proper Defendant(s) in the Second Amended Complaint.

If Plaintiff does not file a Second Amended Complaint within the time allowed, judgment shall enter without further notice and this case will be marked CLOSED. Alternatively, Plaintiff may pursue any valid claims he may have against any Defendant in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT in accordance with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–

45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  January _5_, 2021
        Central Islip, New York

14